Feuchtwanger *v.* McCool.

MYER FEUCHTWANGER

*v.*

JOHN McCOOL and others.

29 151
64L 156

1. Where the last day for filing an answer falls on a legal holiday—*e. g.*, Christmas—filing it on the next day on which the clerk's office is open will be sufficient.

2. Where a foreign notary public affixed his official seal, and signed his name (but without adding his official designation, though it was contained in the jurat) to the jurat of the affidavit taken out of this state, to an answer in chancery,—*Held* to be sufficient as a compliance with the 164th rule, and motion to take the answer from the files, for that cause, was refused, although the statute (*Rev.* p. 488, ? 5) requires that his official designation be annexed to his signature, "where an oath to be used in any suit or legal proceeding in this state is taken out of this state * * * before a notary public, &c."

Bill to foreclose. Motion that answer be ordered off the files.

*Mr. T. A. Jobs,* for the motion.

*Mr. G. Collins, contra.*

THE CHANCELLOR.

Motion is made that the answer be ordered to be taken from the files, on the ground that it was filed out of time; that it is not properly verified, and is defective as an answer, because it does not properly plead the defence which it seeks to set up.

The time for answering expired on the 25th of December. The answer was filed on the next day. The 25th being a legal holiday, and the answer having been filed on the next day thereafter on which the clerk's office was open, the answer was filed in due time. *Dan. Ch. Prac.* 354.

The affidavit to the answer was taken in the state of New York. The jurat states that it was sworn and subscribed before " the subscriber, a notary public in and for the city, county, and state of New York, as witness my hand and official seal," and it is signed, but the notary has not added his official designation to his signature. His notarial seal is affixed. By the 164th rule of this court, where an answer is sworn to out of this state, the oath may be taken before a notary public, but in such case it must be certified under his seal. The rule has been complied with in the case under consideration. The statute (*Rev.* p. 488, § 5), indeed, provides that where an oath, to be used in any suit or legal proceeding in this state, is taken out of this state, it may be taken before a notary public of the state where it is taken, and a recital in the jurat that the person before whom the oath is taken is such notary, and his official designation annexed to his signature, and attested under his official seal, shall be sufficient proof that he is such notary, but the rule requires only a certificate under seal.

The alleged defect of the answer, as a pleading, is not a ground for ordering it off the files. *Travers* v. *Ross*, 1 *McCart.* 252, 257; *Squier* v. *Shaw*, 9 *C. E. Gr.* 74. The motion is denied, with costs.